**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**vs.**

**CR No. 06-0121-01ML**

**JUNIOR RY,**
**Defendant.**

---

## MOTION TO REDUCE SENTENCE

The defendant, through his attorney, Mary S. McElroy, respectfully moves this Court pursuant to 18 U.S.C. § 3582(c) for an order reducing his term of imprisonment from 24 months to a sentence of 18 months on the grounds that the retroactive amendment to the crack cocaine guideline changes the base offense level in Mr. Ry's presentence report from 18 to 16. Mr. Ry further requests that this honorable court enter the requested order immediately and order the Bureau of Prisons to act upon this order without delay.

In support of this motion Mr. Ry incorporates the attached memorandum of law.

RESPECTFULLY SUBMITTED this 31st Day of January 2008.

Junior Ry
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
Mary_McElroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within Motion on Peter Neronha, AUSA on the 31st day of January, 2008.

/s/ Mary S. McElroy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**vs.**

**CR 06-0121-ML**

**JUNIOR RY**
**Defendant.**

---

**MEMORANDUM IN SUPPORT OF MOTION TO REDUCE SENTENCE**

Mr. Ry entered a guilty plea to one count of possession with intent to distribute cocaine base before this Court on January 3, 2007. He was sentenced on March 16, 2007. At the time of his sentencing Mr. Ry had been in custody since his arrest on August 5, 2006.[1] Mr. Ry was assigned a base offense level of 18 based on the sentencing guidelines then in effect. His total offense level was 17. With a total offense level of 17 and a criminal history category of I, the advisory guideline range applicable to Mr. Ry was 24 to 30 months. This Court sentenced Mr. Ry to 24 months, at the low end of the range.

On November 1, 2007, the United States Sentencing Commission reduced the guidelines for crack cocaine offenses by two levels. Calculated under the post November 2007 guidelines Mr. Ry would have a base offense level of 16 with a total offense level of 15. His advisory guideline range would be 18 to 24 months. With a sentence of 18 months Mr. Ry would be eligible for release on February 5, 2008 *even without any good*

---

[1] Although Mr. Ry was originally charged in State Court, his state court charges were dismissed upon his plea of guilty and sentence in this court. As the Bureau of Prisons awarded him credit toward his sentence from the time of his arrest.

*time credit.*[2] It is Mr. Ry's contention that he is eligible for immediate release from the custody of the Bureau of Prisons.

This Court has jurisdiction to immediately modify the defendant's sentence under the plain language of 18 U.S.C. §3582(c)(2) which provides that:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, the director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582( c).

The amendment to the crack cocaine sentencing guidelines clearly fits within that description. Effective November 1, 2007, the United States Sentencing Commission lowered the guideline ranges for crack offenses by two levels. The Commission did this because it found that the crack guideline over-punished crack offenders and created an unwarranted disparity between them and other drug offenders.

On December 11, 2007 the Sentencing Commission made the amendments to the crack guidelines retroactive. Nothing else is needed to trigger this court's jurisdiction under 18 U.S.C. § 3582(c)(2). Each of the predicate conditions conferring jurisdiction is met in this case: Mr. Ry was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission.

---

[2] The Bureau of Prison's calculation estimates that, had he been sentenced to 18 months, he would have been released on November 27, 2007.

The last phrase of § 3582(c)(2) – "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" supports the grant of this motion. The Sentencing Commission determined that the amendments to the Sentencing Guidelines ameliorating the disparity between crack and powder cocaine sentence should be made retroactive. This motion is entirely consistent with that policy statement and accordingly, should be granted.

Although the Sentencing Commission suggested that §3582(c)(2) motions should not be filed until March 3, 2008, there is nothing in the statute preventing the Court from considering this motion immediately. The plain language of the statute does not mention retroactivity at all. Moreover, the Commission's policy statement that §3582(c)(2) motions should be filed after March 3, 2008, is only advisory. The court is free to reject the Commission's "advice" about when to act on a § 3582(c)(2) motion if the court finds that earlier action is appropriate under § 3553(a).

18 U.S.C. § 3582(c)(2) directs courts to consider all of the applicable factors under 18 U.S.C. § 3553(a) when deciding whether or not to reduce a defendant's sentence. § 3553(a) directs courts to impose a sentence that is "sufficient but not greater than necessary to satisfy the purposes of sentencing." Delaying Mr. Ry's release until March 3, 2008 would violate the directives of § 3553(a). Support for this comes from the Commission itself which has repeatedly acknowledged that sentences under the crack guidelines "fail to meet the sentencing objectives set forth by Congress" and cause

unwarranted disparity among drug offenders. *See Kimbrough v. United States*, 128 S.Ct. 558, 566-69 (2007) (citing numerous commission reports).

"The Commission delayed the effective date of its decision on retroactivity in order to give the courts sufficient time to prepare for and process these cases." U.S.S.C. Press Release, U.S. Sentencing Commission Votes Unanimously to Apply Amendment Retroactively for Crack Cocaine Offenses (Dec. 11, 2007), available at http://www.USSC.gov/PRESS/rel121107.htm. In this case there is no reason to delay acting on the Commission's advice, supported by the Supreme Court *Kimbrough*. The court should act now and modify Mr. Ry's sentence.

Junior Ry
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
Mary_McElroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within Motion on Peter Neronha, AUSA on the 31st day of January, 2008.

/s/ Mary S. McElroy